ARTHUR WALKER & COMPANY, Appellant, *v.* WILLIAM LEEMING, Respondent.

First Department, November 3, 1916.

Contract — joint contract for conduct of business construed — letter not constituting repudiation of contract — breach of contract.

An agreement between the plaintiff and defendant to continue for one year, provided among other things that the defendant was to devote his whole time and attention to a certain business; that the plaintiff was to keep the accounts and look after the shipping of goods for which it was to receive two per cent commission on all net sales, the same to be charged against the receipts of the business; that after deducting all expenses and the commissions stipulated, the profits were to be divided equally; that the defendant should be permitted to draw from the proceeds of the sale a sum not exceeding $400 per month, which should not be regarded as a salary, but solely on account of profits, and the defendant agreed to make good to the plaintiff any deficiency. After the contract had been in force for several months, the plaintiff wrote the defendant as follows: "Under the circumstances it is considered unadvisable that you continue drawing any money on account of possible profits, seeing we are now at the end of the fifth month & not very much done (sales only about $5,000); of course the next seven months may place the account on a sound basis, meantime it is better to view the position as it is, hence the reason for calling your attention to the matter." The defendant construed the letter as a repudiation of the contract and immediately severed his connection with the business. Thereupon the plaintiff brought this action to recover the amount which the defendant had drawn from the proceeds of the business, and one-half of the profits which would have been made if defendant had not broken the agreement.

*Held*, on all the evidence, that a judgment dismissing the complaint should be reversed and a new trial granted;

That said letter did not amount to a repudiation of the contract; it was at most in effect a suggestion to the defendant that the profits which had been made did not entitle him to the amounts which he had drawn.

The defendant effected a breach of the contract by terminating his relations with the plaintiff upon the receipt of the letter.

APPEAL by the plaintiff, Arthur Walker & Company, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 19th day of April, 1916, upon a dismissal of the com-

plaint by direction of the court at the close of plaintiff's case upon a trial before the court and a jury at the New York Trial Term.

*Louis O. Van Doren,* for the appellant.

*Charles H. Broas,* for the respondent.

McLAUGHLIN, J.:

On the 20th of September, 1912, the parties to this action entered into an agreement to commence October 1, 1912, and to continue for one year. The agreement provided that the respondent was to devote his whole time and attention to the furtherance of the business, while the appellant was to keep the accounts, look after the shipping of goods and all financial matters connected therewith, for which it was to receive two per cent commission on all net sales of goods to be handled by the parties, the same to be charged against the receipts of the business. After deducting all expenses connected with the conduct of the business and the sale of the goods incurred by the appellant, and the commissions stipulated for, the profits were to be divided equally between the parties. One provision of the contract was that the defendant should be permitted to draw from the proceeds of the sale a sum not exceeding $400 per month, but such amount was not to be regarded in the nature of a salary, but solely on account "of profits, and Mr. Leeming undertakes to make good to the A. W. & Co., Inc., any deficiency there may be — for example, in order to entitle Mr. Leeming to $400 per month, the net profits have to be calculated as $800, and any deficiency Mr. Leeming undertakes to make good. The accounts to be audited by our regular accountants, and their figures to be accepted as conclusive. Account current to be rendered every six months. List of disbursements and account-sales to be rendered monthly."

The parties entered upon the performance of the contract in question, and continued the same until the 25th of February, 1913, when the plaintiff wrote the defendant the following letter:

"DEAR Mr. LEEMING.— Under the circumstances it is considered unadvisable that you continue drawing any money on

account of possible profits, seeing we are now at the end of the fifth month & not very much done (sales only about $5,000); of course the next seven months may place the account on a sound basis, meantime it is better to view the position as it is, hence the reason for calling your attention to the matter."

The respondent construed this letter into a repudiation of the contract, and immediately severed his connection with the business and the affairs of the joint venture.

Plaintiff then brought this action to recover (a) the sum of $1,194.94, the amount which the defendant had drawn from the proceeds of the business and to which it was alleged he was not entitled; and (b) $1,750 — one-half of the profits which the plaintiff alleged would have been made if defendant had not broken the agreement. At the close of the case, defendant offering no evidence, the complaint was dismissed, upon the theory, as appears from the reasons assigned by the learned trial justice, that the letter referred to amounted to a repudiation of the contract by the plaintiff and justified the defendant in refusing further to proceed under it.

I am unable to place such construction upon the letter. It did not, in my opinion, amount to a repudiation of the contract. It was, at most, in effect, a suggestion to the defendant that the profits which had then been made did not entitle him to the amounts which he had drawn, and in the future he better refrain from making such drawings unless the profits warranted it. This would seem to have been a wise suggestion, since under the terms of the contract, at the end of the year if one-half of the profits did not amount to what defendant had drawn, he had to return the amount overdrawn. The defendant, following the receipt of the letter, or at the time when he was entitled to draw $400, should have demanded the same, and then if payment were not made, he might thereafter refuse to proceed. This, however, he did not do, but immediately terminated his relations with the plaintiff and entered into a competing business for himself. At this time he had drawn $1,600, and the amount of profits to which he was entitled was only $405.06. He had, therefore, received $1,194.94, not from profits, but from the proceeds of the business. This sum, at the end of the year, unless the profits

amounted to what he had drawn, he was obligated to return. By the judgment appealed from he is permitted to retain this sum on the theory, as indicated, that the latter amounted to a termination of the contract. A result so inequitable ought not to be permitted to stand, unless a strict construction of the contract so requires. I do not think it does. Something more than a suggestion by the plaintiff that it was unadvisable for the defendant to continue drawing $400 a month, unless the profits warranted it, was necessary to justify the defendant in treating the contract as having been broken by the plaintiff. He should have demanded the $400, if then entitled to draw that amount, or if not, continued under the contract until he was, and then made his demand. Had his demand been refused, then he might treat the contract as broken on the part of the plaintiff. This, however, he did not do, but, as indicated, immediately terminated his relations with the plaintiff, which I think amounted to a breach of the contract on his part.

The judgment appealed from, therefore, should be reversed and a new trial ordered, with costs to appellant to abide event.

CLARKE, P. J., LAUGHLIN, DOWLING and PAGE, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.